**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-10313
(Summary Calendar)

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOE HENRY CARTER,

Defendant-Appellant.

.

Appeal from the United States District Court
for the Northern District of Texas
(4:90-CR-90-A)

May 6, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Joe Henry Carter ("Carter") appeals the district court's denial of his writ of habeas corpus

pursuant to 28 U.S.C. § 2255. Carter was convicted of conspiracy to manufacture amphetamine and

possession of phenyl acetone with the intent to manufacture amphetamine, and acquitted of a third

charge of carrying and using a firearm in during and in relation to a drug trafficking offense. On

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

appeal, we affirmed his convictions. *See United States v. Carter*, 953 F.2d 1449, 1453 (5th Cir.), *cert. denied*, 504 U.S. 990 (1992). Thereafter, Carter, proceeding *pro se*, filed a section 2255 motion to vacate his sentence. He alleged various claims, including ineffective assistance of counsel, erroneous determination of his base offense level, erroneous 2-level enhancement, and an erroneous upward departure.

The district court concluded that Carter's ineffective assistance of counsel claim was procedurally barred because it did not satisfy the "cause and prejudice" test to be brought up on collateral appeal. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). The court also concluded that Carter's remaining claims either could have been brought up on direct appeal or have been raised and addressed on direct appeal thus these claims were denied. *Id.* at n. 7. After carefully reviewing the briefs and the record, we affirm in part and remand in part.

On April 24, 1996, the President signed into law the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA changed the process by which a prisoner may seek an appeal of a denial of a writ of habeas corpus under 28 U.S.C. § 2253. Prior to the enactment of the AEDPA, a prisoner challenging state detention (28 U.S.C. § 2254) in a federal habeas proceeding needed to obtain a certificate of probable cause ("CPC") to appeal, whereas a pre-AEDPA § 2255 movant (prisoner challenging federal detention) was not required to obtain a CPC in order to appeal. *United States v. Orozco*, 103 F.3d 389, 391 (5th Cir. 1996). "Now, in order to appeal a final order in either a federal habeas proceeding challenging states detention or a § 2255 proceeding, the same standard applies to both; the applicant must obtain a certificate of appealability ["COA"] by making 'a substantial showing of the denial of a constitutional right.'" *Id.* (citing to 28 U.S.C. § 2253 (c)).

Left unanswered, however, was the issue of whether the AEDPA applies to appeals that were pending at the time of its enactment. Carter filed his notice of appeal prior to April 24, 1996, the effective date of the AEDPA. Recently, a panel of this Court in *United States v. Rocha*, No. 95-11229, slip op. at 2415 (5th Cir. April 3, 1997), held that the AEDPA does not apply retroactively to 28 U.S.C. § 2255 habeas corpus appeals that were pending at its enactment. Thus, our analysis of Carter's claims is not affected by the enactment of the AEDPA. As such, we will analyze this appeal as a pre-AEDPA § 2255 appeal, which allowed a defendant to challenge his conviction only on issues of constitutional or jurisdictional magnitude. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.), *cert. denied*, 506 U.S. 1007 (1992). In the instant case, Carter's ineffective assistance of counsel claim is of constitutional magnitude. *Id.* The district court erred when it held that Carter's ineffective assistance of counsel claim was procedurally barred because he did not satisfy the "cause and prejudice" standard enumerated in *Shaid*, *supra*, which relied on the Supreme Court case of *United States v. Frady*, 456 U.S. 152 (1982) (applying the cause and prejudice standard to § 2255 motions)). This Court has clearly held that a claim of ineffective of counsel satisfies the cause and prejudice standard. *U.S. v. Patten*, 40 F.3d 774, 776 (5th Cir. 1994); *Pierce*, 959 F.2d at 1301. Thus, the district court erred in its denial of Carter's ineffective assistance of counsel claim on this ground.

Because the district court denied Carter's claim of ineffective assistance of counsel without adjudicating the claim on the merits, no opportunity existed to develop the record on the merits. *Pierce*, 959 F.2d at 1301. In the absence of a record, we cannot make a proper ruling on Carter's claim. As such, we remand this claim to the district court for consideration on the merits. On remand, the district court should determine whether an evidentiary hearing is required. As to Carter's

other claims, we conclude that they are not cognizable under § 2255 for the reasons previously stated by the district court.

For the foregoing reasons, we AFFIRM in part and REMAND in part.